

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Buford D. Battle
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-4111
Re: Method of handling
appropriations made
from General Revenue
Fund to higher in-
stitutions of learning.

We quote in full below your letter of October 7,
1941, asking the opinion of this department with reference
to such matters described therein:

"During the course of our audit of a
higher institution of learning for the past
fiscal year, certain unusual practices have
come to our attention.

"This office desires your opinion as to
whether or not any of the three following
transactions are contrary to law:

"Case No. 1. The college in question
received an appropriation from General Rev-
enue of the State by the 46th Legislature.
A certain amount was certified as due an
employee, and a General Revenue Warrant of
the State was issued, payable out of the in-
stitution's State appropriation. The insti-
tution, after receipt of the warrant, found
that the employee was not due the warrant or
any portion of it, and proceeded to deposit
the warrant in the institution's local fund
bank account.

530

"Case No. 2. A General Revenue Warrant
of the State was issued to an employee for her
January salary. Although the employee left
the employ of the college on January 15th, the
warrant covered an entire month's salary. The
employee discounted the warrant and received
one-half (1/2) of it and returned the remainder
to the College authorities, who deposited it in
the institution's local fund bank account.

"Case No. 3. A General Revenue Warrant
of the State was issued to an employee for her
October salary. Although she resigned on
October 15th, the warrant was written to her
for the entire month, and she discounted it,
keeping one-half (1/2) for herself and the
other one-half (1/2) was paid by the insti-
tutional cashier to another employee, who sup-
posedly replaced the original employee.

"Should further information be useful in
answering these questions, please let us know."

An appropriation is the setting apart from the
public revenues of a certain sum of money for a specified
purpose, in such manner that the executive officers of
the government are authorized to apply that money, and no
more, to that purpose, and to no other. Words and Phrases,
Permanent Edition, Volume 3, Pages 819 et seq.; State v.
Moore, 69 N. W. 373, 376, 50 Neb. 88, 61 Amer. State Rep.
538; McCombs v. Dallas County (Civ. App.) 136 S.W. (2d)
975.

Every appropriation has the effect of creating
a special fund, which is to be expended only for the
purpose for which the appropriation was made. To draw a
warrant against the appropriation, ostensibly to apply
the funds to the purpose for which they are provided, and
then to deposit the money to the credit of the local fund
of the college, is to apply the money appropriated to a
purpose for which it was not authorized by the Legislature.
It follows that each of the first two fact situations set

Honorable Buford D. Battle- Page 3


out in your letter present instances of unauthorized and therefore illegal diversions of the public moneys involved.

With respect to the third fact situation presented in your letter, you are advised that warrants against the appropriations made to pay the salaries of employees of the various departments and institutions of learning of this State are in no instance to be drawn in favor of the department head or school authority; but in each case the warrant against the appropriation is to be drawn in favor of the person rendering the service for which the appropriation is provided, and for no greater amount than is actually due such person. The appropriation provides authority for the department or school head to enter into contracts with reference thereto, but the money provided is not to be drawn from the Treasury by the department or school head and by him dispersed in cash to the employees; the claim of the employee for payment from the appropriation is to be presented to the Comptroller on the institutional pay roll, certified as correct by the school head, and the warrant is to be drawn in favor of the employee himself. See Articles 4344, 4350, 4355, 4356, 4357, 4358 and 4359, Revised Civil Statutes, 1925.

It follows that in the third instance given in your letter, the warrant should have been drawn in favor of the employee, as payee thereof, only for the amount actually due her as salary, to wit, salary for one-half month, and a claim should have been presented to the Comptroller for the issuance of a separate warrant against the same appropriation for the amount of salary due the employee who replaced her. The action of the school authorities in certifying the claim for the issuance of a warrant for an entire month's salary to the original employee, when only one-half month's salary was due to her, and in delivering the warrant to the original employee for the full month's salary, procuring cash from the original employee, the payee of the warrant, for the one-half month's salary not due her, and paying over the cash direct to the

Honorable Buford D. Battle - Page 4

employee who replaced the original employee, was without authority of law, and therefore illegal.

APPROVED OCT 2 1941

~Joss, Miller

FIRST ASSISTANT
ATTORNEY GENERAL

RWF:VFS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Fairchild

R. W. Fairchild
Assistant


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

532